IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**MICHAEL TODD MANNING**                                                             **PLAINTIFF**

v.                    Case No. 3:22-cv-305-KGB

**CINDY LUANN RICHARDSON,** *et al.*                             **DEFENDANTS**

**ORDER**

Before the Court is plaintiff Michael Todd Manning's motion for leave to proceed *in forma pauperis* (Dkt. No. 1). Based on Mr. Manning's application, he has neither the funds nor the income to pay the filing fee. Therefore, the Court grants his motion to proceed *in forma pauperis* and permits Mr. Manning to proceed without repayment of the filing fee (Dkt. No. 1).

The Court also must screen Mr. Manning's complaint and dismiss the case, in whole or in part, if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Angel v. Bowers*, Case No. 3:18-cv-00121-KGB, 2019 WL 440571, at *1 (E.D. Ark. Feb. 4, 2019) (recognizing that district courts have the power to screen and dismiss complaints filed by all litigants, prisoners and non-prisoners alike); *Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016) (same). A court may dismiss such a complaint without leave to amend. *See Christiansen v. Clarke*, 147 F.3d 655, 658 (8th Cir. 1998); *Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001) (per curiam).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the "[f]actual allegations must be enough to raise a right to relief

above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Stated differently, the allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 678 (2009). While the court must accept as true all well-pleaded facts in the complaint, *see Farm Credit Services of America, FLCA v. Haun*, 734 F.3d 800, 804 (8th Cir. 2013), it need not credit conclusory allegations or "naked assertion[s] devoid of further factual enhancement," *Retro Television Network, Inc. v. Luken Communications, LLC*, 696 F.3d 766, 768 (8th Cir. 2012) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678).

Finally, in evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, the court holds "a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers." *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (alteration in original) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, all parties, including *pro se* litigants, must comply with substantive and procedural law. *See Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986).

Having reviewed Mr. Manning's complaint, the Court observes that Mr. Manning's allegations are nearly identical to claims previously dismissed without prejudice. *See Manning v. Richardson*, 3:22-cv-284-BRW (E.D. Ark. Nov. 2, 2022); *Manning v. Richardson*, 3:22-cv-259-JM (E.D. Ark. Oct. 3, 2022). In his current complaint, Mr. Manning again claims that Cindy LuAnn Richardson "and her group" have placed a radio tracker on him without his permission (Dkt. No. 2, at 6). Mr. Manning again claims that he has continually been stalked, harassed, and tormented with radiation, which has prevented him from thinking freely (*Id.*, at 6–9). For relief, the Court understands Mr. Manning to seek "representation and counsel in the matter of [his] 6th, 14th, 5th, 8th, 13th, and 1st amendment rights and civil liberties that are being violated" and his "day in federal court." (*Id.*, at 13–14).

The Court has carefully reviewed Mr. Manning's complaint and concludes that Mr. Manning's complaint is frivolous. An action is frivolous if its allegations are "fanciful . . . fantastic or delusional," its "factual contentions are clearly baseless," or it is "based on an indisputably meritless legal theory." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Nietzke v. Williams*, 490 U.S. 319, 327–29 (1989). Mr. Manning's claims fall into this category. Accordingly, the Court dismisses without prejudice Mr. Manning's complaint (Dkt. No. 2).

It is therefore ordered that:

1. Mr. Manning's motion to proceed *in forma pauperis* is granted (Dkt. No. 1).

2. Ms. Manning's complaint is dismissed without prejudice (Dkt. No. 2).

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith.

It is so ordered this 27th day of February, 2023.

*[signature: Kristine G. Baker]*
Kristine G. Baker
United States District Judge